UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY DEL GREEN,

       Petitioner,                    CASE NO. 13-14589

v.                                     HONORABLE PAUL D. BORMAN
                                           UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

       Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION FOR A STAY (Doc. 3)
AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES**

    Petitioner Tony Del Green, a state prisoner at Brooks Correctional Facility in Muskegon Heights, Michigan, recently filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's Oakland County conviction and sentence of sixteen to thirty years in prison for criminal sexual conduct in the third degree, Mich. Comp. Laws § 750.520d. Also pending before the Court is Petitioner's motion to stay these proceedings and to hold the habeas petition in abeyance while he pursues additional state remedies. For the reasons given below, the motion for a stay is granted and the habeas petition will be held in abeyance.

**I. Background**

    Petitioner alleges that he pleaded guilty in Oakland County Circuit Court to one count of criminal sexual conduct in the third degree and on October 25, 2010, the trial

court sentenced him to imprisonment for sixteen to thirty years. Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, but the Court of Appeals denied his application "for lack of merit in the grounds presented." *See People v. Green*, No. 306710 (Mich. Ct. App. Feb. 27, 2013) (unpublished). On September 3, 2013, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Green*, __ Mich. __; 836 N.W.2d 167 (2013) (table).

Petitioner states that he did not seek a writ of certiorari in the United States Supreme Court. Instead, on November 4, 2013, he filed his *pro se* habeas corpus petition and motion for a stay in this Court. Petitioner seeks habeas corpus relief on grounds that (1) his trial attorney misled him about the sentence he would receive if he pleaded guilty, (2) the trial court mis-scored the Michigan sentencing guidelines, and (3) appellate counsel withdrew from the case and failed to file an appellate brief in Petitioner's behalf.

In his motion for a stay, Petitioner states that he would like to return to state court to file a motion for relief from judgment, raising the following additional claims: (1) a jurisdictional defect arose as a result of an invalid felony complaint; (2) he was denied his right to submit to a polygraph examination; and the prosecutor failed to fulfill his duty to protect Petitioner's constitutional rights; (3) the trial court coerced him into pleading guilty by threatening to impose a life sentence if he elected to go to trial; (4) trial counsel did nothing when the trial court threatened Petitioner with a life sentence if he went to trial; and (5) appellate counsel failed to raise these issues on appeal. Petitioner seeks a stay of this matter to avoid running afoul of the one-year statute of limitations set forth in

the Antiterrorism and Effective Death Penalty Act (AEDPA).  *See* 28 U.S.C. § 2244(d).

## II.  Discussion

State prisoners must fairly present all their claims to the state courts before raising their claims in a federal habeas corpus petition.  *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999); *Nali v. Phillips*, 681 F.3d 837, 851 (6th Cir.), *cert. denied*, __ U.S. __, 133 S. Ct. 535 (2012).  To avoid having a federal habeas corpus petition deemed time-barred while the prisoner is exhausting state remedies, the prisoner may file a "protective" petition for the writ of habeas corpus in federal court and ask the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.  *Pace v. DiGuglielmo*, 544 U.S. 406, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)).  After the state court completes its review of the inmate's claims, the federal court can lift its stay and allow the inmate to proceed in federal court.  *Rhines v. Weber*, 544 U.S. at 275-76.

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition [of exhausted and unexhausted claims] if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Id.* at 278.

At least some of Petitioner's unexhausted claims are potentially meritorious, and Petitioner alleges that he is not engaged in dilatory tactics or a fishing expedition.  Furthermore, he has alleged that appellate counsel was ineffective for failing to raise all

his claims on direct appeal. The Court concludes that it would not be an abuse of discretion to hold the habeas petition in abeyance while Petitioner exhausts additional state remedies. Accordingly, Petitioner's motion for a stay (Doc. 3) is **GRANTED**.

The Court's stay is conditioned on Petitioner filing a motion for relief from judgment in the state trial court within **sixty (60) days** of the date of this order if he has not already done so. Following exhaustion of state remedies, Petitioner may file an amended habeas corpus petition and a motion to re-open this case. He shall use the same caption and case number that appear on this order, and he shall file the documents within **sixty (60) days** of exhausting state remedies if he is unsuccessful in state court.

In the meantime, the Clerk of the Court shall close this case for administrative purposes. This administrative closing shall not be construed as a dismissal or adjudication of Petitioner's claims.

                                          s/Paul D. Borman
                                          PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: January 10, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 10, 2014.

                                                s/Deborah Tofil
                                                Case Manager